UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EDUARDO ROJAS, individually and on behalf of all others
similarly situated,

                                        Civil Action No. 1:23-cv-06160

                   Plaintiff,

            -against-

B E F RESTAURANTE INC. d/b/a CASA D'ANGELO;
IYAD KHALED HAMSHO, FARHOD GADAYBEAU, and
BRUNO BRANCELEONE,
                   Defendants.
------------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND LIMITED WAGE AND HOUR RELEASE

      **P**laintiff Eduardo Rojas ("Plaintiff") and defendants B E F Restaurante Inc. d/b/a Casa D'Angelo, Iyad Khaled Hamsho, Farhod Gadaybeau, and Bruno Branceleone (collectively, "Defendants" and, together with Plaintiff, the "Parties"), agree to resolve Plaintiff's Fair Labor Standards Act ("FLSA") and related New York Labor Law ("NYLL") wage claims against Defendants in the above-captioned action (the "Action") on the following terms and conditions (the "Agreement");

      1.    **Consideration.** In consideration for Plaintiff signing this Agreement and complying with its terms, Defendants agree to pay to Plaintiff the total sum of Twenty-Six Thousand Dollars and Zero Cents ($26,000.00) (the "Settlement Sum"), to be allocated as follows:

          a.   One check made payable to "Eduardo Rojas" in the amount of Eight Thousand Three Hundred Eighty-Two Dollars and Sixty-Six Cents ($8,382.66), less applicable taxes and withholdings, to be reported on an IRS Form W-2 as and for unpaid wages; and

          b.   One check made payable to "Eduardo Rojas" in the amount of Eight Thousand Three Hundred Eighty-Two Dollars and Sixty-Seven Cents ($8,382.67), from which no withholdings shall be taken, to be reported on an IRS Form 1099 as "Other Income" as and for liquidated damages; and

          c.   One check made payable to "Katz Melinger PLLC" in the amount of Nine Thousand Two Hundred Thirty-Four Dollars and Sixty-Seven Cents ($9,234.67), from which no withholdings shall be taken, recorded on an IRS Form 1099 as and for costs and attorneys' fees.

**2.**     **Timing of Payments; Escrow.** Upon executing this Agreement, Defendants shall deliver the checks described in Paragraph 1(a), (b), and (c) to Defendants' counsel, Lloyd Ambinder, Virginia & Ambinder LLP, 40 Broad Street, 7th Floor, New York New York 10004. Defendants' counsel shall hold the Settlement Sum in escrow pending the Court's approval of this Agreement. Within five (5) calendar days of the issuance of an order approving this Agreement and discontinuing the Action, Defendants' counsel shall deliver the Settlement Sum to Plaintiff's counsel, Katz Melinger PLLC, 370 Lexington Avenue, Suite 1512, New York, New York 10017.

**3.**     **Tax Treatment.** Plaintiff agrees and acknowledges that Defendants and Defendants' counsel have not made any representations regarding the tax consequences of any payments or amounts received pursuant to this Agreement. Plaintiff agrees to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon his portion of the Settlement Sum, except that Defendants shall be liable for all employer-side taxes and payments with respect to the portion of the Settlement Sum reflected under Paragraph 1(a) of this Agreement.

**4.**     **Dishonored Payments.** Should any payment under Paragraph 1 of this Agreement be dishonored, a cure can only be effected by wire transfer, certified funds, bank check, or money order, in the amount required to cure the default, along with an additional fee equal to any bank charges incurred.

**5.**     **Default.** If Defendants fail to timely pay any portion of the Settlement Sum to Plaintiff pursuant to Paragraphs 1 and 2 of this Agreement, or should any payment under Paragraph 1 be returned for insufficient funds ("Default"), Plaintiff or his counsel shall notify Defendants of the Default in writing ("Notice of Default") by email to Defendants' counsel, Lloyd Ambinder, at lambinder@vandallp.com. If Defendants fail to cure any Default within five (5) calendar days from the date of Defendants' counsel's receipt of the Notice of Default, Plaintiff or his counsel shall be entitled to an order directing specific performance by Defendants' counsel or entering judgment against Defendants in the amount Fifty-Two Thousand Dollars ($52,000.00). Additionally, in the event of a Default, Plaintiff shall be entitled to recover from Defendants all reasonable attorneys' fees and costs incurred by Plaintiff as a result of Defendants' breach of this Agreement.

**6.**     **No Consideration Absent Plaintiff's Material Representations and Promises.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in Paragraph 1 above except for Plaintiff's execution of this Agreement and his fulfillment of the promises contained herein.

**7.**     **Release of FLSA and Related NYLL Wage and Hour Claims.** In consideration of the promises and covenants contained herein, and for other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff and his heirs, successors, and assigns fully and forever release, relieve, waive, relinquish, and discharge Defendants, their parent corporations, affiliates, subsidiaries, divisions, predecessors, successors and assigns, and the current and former

employees, attorneys, officers, directors, agents, representatives, insurers, shareholders and fiduciaries of each, both individually and in their business capacities (all of the above collectively referred to as the "Releasees") from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning any and all wage and hour matters resulting or arising from Plaintiff's employment with Defendants, including any and all wage-related claims arising under the Fair Labor Standards Act, the New York Labor Law, the Wage Theft Prevention Act, and all Wage Orders and other applicable federal, state, and local statutes. This release is limited to wage-related claims that have arisen on, or prior to, the date this Action was commenced and does not release or discharge any wage or hour claims that may occur after that date, or any non-wage and hour claims. It is expressly agreed and acknowledged that this release does not include any claims or rights which as a matter of law cannot lawfully be waived or released, including but not limited to filing a claim with the United States Equal Employment Opportunity Commission, or from any claims based upon conduct occurring after the date on which Plaintiff executes this Agreement.

**8.**    **Procedure.** After the Agreement is executed by the Parties, Plaintiff will submit the Agreement to the Court for the Court's consideration and approval. The Court's approval of all provisions of the Agreement is a material term of the Agreement. Upon the Court's approval of this Agreement, Defendants may file the Stipulation of Dismissal with Prejudice attached as Exhibit A. The Parties agree that, should the Court fail to approve this Agreement, each Party will make good faith efforts to modify the Agreement to correct any issues raised by the Court and to promptly resubmit any revised agreement to the Court.

**9.**    **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach by any party of the Agreement, the parties will be entitled to all remedies available at law. Except as to the payment provisions, should any provision of the Agreement be declared illegal or unenforceable and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of the Agreement in full force and effect.

**10.**    **Jurisdiction** Any action or proceeding to enforce this Agreement shall be brought in the state and federal courts within the Southern District of New York. The Parties hereby irrevocably submit to the exclusive jurisdiction of the state and federal courts within the Southern District of New York and waive the defense of inconvenient forum to the maintenance of any action or proceeding in such venue.

**11.**    **No Admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

12.    **Amendment.** This Agreement may not be modified, altered, or changed except in writing and signed by the Parties wherein specific reference is made to this Agreement.

13.    **Waiver**:  No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein. The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

14.    **Entire Agreement.** The Agreement sets forth the entire agreement between the Parties, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in the Agreement.

15.    **Counterparts.** The Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute one agreement. Any signature made by electronic methods and/or transmitted by facsimile or email shall be deemed an original signature for purposes of the Agreement and shall be binding upon the party who so transmits the signature page.

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

Dated: November ___15___, 2023

_____
Eduardo Rojas

Dated:  November ___, 2023

B E F Restaurante Inc. d/b/a Casa  D'Angelo

_____
By:
Title:

**[SIGNATURES CONTINUE ON THE FOLLOWING PAGE]**

4

12.    **Amendment.** This Agreement may not be modified, altered, or changed except in writing and signed by the Parties wherein specific reference is made to this Agreement.

13.    **Waiver**: No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein. The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

14.    **Entire Agreement.** The Agreement sets forth the entire agreement between the Parties, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in the Agreement.

15.    **Counterparts.** The Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute one agreement. Any signature made by electronic methods and/or transmitted by facsimile or email shall be deemed an original signature for purposes of the Agreement and shall be binding upon the party who so transmits the signature page.

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

Dated: November ___, 2023

_____
Eduardo Rojas

Dated: November 13, 2023

B E F Restaurante Inc. d/b/a Casa D'Angelo

_____
By:
Title:

Dated: November 13, 2023

_____

Iyad Khaled Hamsho

Dated: November 13, 2023

_____

Farhod Gadaybeau

Dated: November 13, 2023

_____

Bruno Branceleone

Dated: November __, 2023

_____

Virginia & Ambinder LLP, as to Paragraph 2 only
By: Lloyd Ambinder, Partner

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EDUARDO ROJAS, individually and on behalf of all others
similarly situated,

                 Civil Action No. 1:23-cv-06160

        Plaintiff,

     -against-

B E F RESTAURANTE INC. d/b/a CASA D'ANGELO; IYAD
KHALED HAMSHO, FARHOD GADAYBEAU, and BRUNO
BRANCELEONE,

        Defendants.
------------------------------------------------------------------------X

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

  **WHEREAS**, Plaintiff and Defendants to the above-captioned action, by their respective counsel, having jointly applied for entry of an Order of Voluntary Dismissal with Prejudice approving the parties' negotiated settlement agreement, and the parties having consented to the entry of this Order; and sufficient cause appearing for the same; after due deliberation;

  **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the parties, and ordered by this Court, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, and

  **IT IS FURTHER STIPULATED AND AGREED** that electronic signatures or copies of signatures on this Stipulation shall serve the same purpose as original signatures.

Dated: _____, 2023                  Dated: _____, 2023

      KATZ MELINGER PLLC                           VIRGINIA & AMBINDER LLP


By: _____          By: _____
      Adam Sackowitz                                Lloyd Ambinder
      370 Lexington Avenue, Suite 1512              40 Broad Street, 7th Floor
      New York, New York 10017                      New York, New York 10004
      T: (212) 460-0047                             T: (212) 460-0047
      ajsackowitz@katzmelinger.com                  ajsackowitz@katzmelinger.com
      *Attorneys for Plaintiff*                     *Attorneys for Defendants*


             SO ORDERED this ____ day of _____, 202__
                                 _____


                    _____