UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDUARDO ROJAS, individually and on behalf of others similarly situated,

                Plaintiff,

-against-

B E F RESTAURANTE INC. d/b/a CASA D'ANGELO, et al.,

                Defendants.

23-CV-06160 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

Before the Court is the parties' proposed Settlement Agreement, ECF No. 23. For the reasons herein, the Court GRANTS approval of the settlement.

## BACKGROUND

On July 17, 2023, Plaintiff Eduardo Rojas ("Plaintiff" or "Rojas") initiated this putative collective action against Defendants B E F Restaurante Inc. d/b/a Casa D'Angelo, Iyad Khaled Hamsho, Farhod Gadaybeau, and Bruno Branceleone (collectively, "Defendants"). The Complaint alleges that Defendants employed Plaintiff as a cook from September 5, 2022 until around February 18, 2023. ECF No. 1 ("Compl.") ¶ 25. Plaintiff alleges that Defendants failed to pay him overtime compensation and spread of hours pay wages, among other allegations. *Id.* ¶¶ 25–39. Plaintiff asserts claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") and the New York Labor Law §§ 190 *et seq*. and 650 *et seq*. ("NYLL"). *Id.* ¶¶ 40–73. He seeks unpaid wages, liquidated damages, interest, attorneys' fees and costs. *Id.* at 10-11.

Shortly after the case was filed, the parties began discussing a potential resolution of the matter, ECF No. 24-2, and on October 16, 2023, the parties alerted the Court that they reached a resolution, ECF No. 21. The parties then filed their Settlement Agreement and a letter supporting

its approval. ECF Nos. 23; 24. Under the parties' proposed settlement, Defendants will pay $26,000 to Plaintiff, which includes $16,714.67 to Plaintiff Rojas and $8,357.33 in attorneys' fees and $928 in costs to Plaintiff's counsel. ECF Nos. 23-24. The proposed Settlement Agreement also includes a release of claims by Plaintiff. ECF No. 23 at 2.

## DISCUSSION

Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022). Rather, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). In order to determine whether an agreement is fair and reasonable under the FLSA, the Court must:

> consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal citation and quotation marks omitted).

If the settlement agreement includes a provision for attorneys' fees, the Court must "separately assess the reasonableness of plaintiffs' attorney's fees." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). In order to aid in this determination, "counsel must submit evidence providing a factual basis for the [attorneys' fees] award." *Wolinsky*, 900 F. Supp. 2d at 336.

The Court also must closely scrutinize any release, confidentiality or non-disparagement provisions included in a proposed settlement. *See, e.g.*, *Arango v. Scotts Co., LLC*, No. 17-CV-

7174 (KMK), 2019 WL 117466, at *4 (S.D.N.Y. Jan. 7, 2019); *Illescas v. Four Green Fields LLC*, No. 20-CV-9426 (RA), 2021 WL 1254252, at *1–2 (S.D.N.Y. Apr. 5, 2021); *Velandia v. Serendipity 3, Inc.*, No. 16-CV-1799 (AJN), 2018 WL 3418776, at *3–4 (S.D.N.Y. July 12, 2018).

The parties' agreed-upon damages, fees, and release are reasonable, and the agreement does not include confidentiality or non-disparagement provisions. As such, the Court approves the parties' agreement.

### I.     The Damages to Plaintiff Are Fair and Reasonable

The Settlement Agreement provides $16,714.67 in damages to Rojas. Plaintiff maintains that his maximum recovery here if he were to succeed on all claims is $45,499.11, not including fees, costs or interest. The total amount of damages was disputed by Defendants. ECF No. 24 at 2. The settlement amount to Rojas represents over 35% of the maximum recovery, and several hundred dollars more than the unpaid overtime wages Rosas claims he is owed. This recovery is reasonable. *See Khan v. Young Adult Inst., Inc.*, No. 18-CV-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of approved FLSA settlements between 25–40% of plaintiff's maximum recovery).

The additional *Wolinsky* factors weigh in favor of approval of the settlement amount as well. Regarding the second factor, the parties have reached this resolution at the outset of the case before either party has expended significant energy and resources litigating this case. The resolution also helps Plaintiff avoid the uncertainty of litigation and the risks associated with ultimately proving the wages he is allegedly owed. Lastly, the parties assert that the settlement resulted from arm's length negotiations. Accordingly, the Court finds the damages to Plaintiff Rojas reasonable.

## II.     The Attorneys' Fees and Costs Are Reasonable

Under this agreement, Plaintiff's counsel would receive $8,357.33 in attorneys' fees and $928 in costs. ECF No. 24 at 2. First, Plaintiff submitted invoices substantiating the $928 in costs, which includes $526 for service of process costs and the $402 initial filing fee. ECF Nos. 24; 24-1.

Second, the fees under the Settlement Agreement are reasonable. Attorneys' fees (not including costs) represent approximately one third of the total settlement. This percentage is routinely approved in this district in FLSA cases. *See Vasquez v. Tasty Picks II Corp.*, No. 21-CV-8799 (ER), 2022 WL 17249365, at *2 (S.D.N.Y. Nov. 28, 2022) (citing *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-CV-3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019)). And, "[t]his sum is consistent with contingency fees that are commonly accepted in the Second Circuit in FLSA cases." *Cortes v. New Creators, Inc.*, No. 15-CV-5690 (PAE), 2016 WL 3455383 at *5 (S.D.N.Y. June 20, 2016) (internal quotation marks omitted) (collecting cases).

The Court still must "use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Lazo*, 2019 WL 95638, at *2. "The lodestar amount is the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Id.* (internal citation and quotation marks omitted). When using the lodestar as a cross-check, "the Court need not exhaustively scrutinize the hours documented by [counsel]." *Melito v. American Eagle Outfitters, Inc.,* 2017 WL 3995619, at *19 (S.D.N.Y. Sept. 11, 2017).

Here, Plaintiff's counsel submitted billing records for the attorneys who worked on the case, showing a lodestar of $13,504.50. *See* ECF No. 24-2. The billing records show 34.70 hours worked by two partners, three associates, and a law clerk, with hourly rates between $300 to $575. Although these amounts are higher than what is typically approved in FLSA actions, it is

4

not significantly out of line with those cases. *See e.g.*, *Lucero v. Shaker Contractors, Corp.*, No. 21 CIV. 8675 (LGS), 2023 WL 4936225, at *2 (S.D.N.Y. July 27, 2023) ("Courts within the Southern District of New York award fees for rates between $250.00 and $450.00 per hour in FLSA cases, deeming the upper range appropriate for the most experienced FLSA litigators.") (collecting cases). Furthermore, the lodestar is over $5,000 more than the fees provided under the Settlement Agreement. Even if the Court were to reduce counsels' hourly rates to between $250 to $450, the lodestar would still be within the range of the amount provided for under the Settlement Agreement. As such, the Court finds the fees reasonable here.

### III. The Release Is Reasonable.

The Settlement Agreement includes a release provision. Under its terms, "Plaintiff and his heirs, successors and assigns" release Defendants and related individuals and entities from all "wage and hour matters resulting or arising from Plaintiff's employment with Defendants[.]" ECF No. 23 at 2–3. It does not release "any non-wage and hour claims" or claims that arise after the date Rojas commenced this action. *Id.* at 3.

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (citing *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). A release is overbroad if it "confers an uncompensated, unevaluated, and unfair benefit on the employer[.]" *Lopez*, 96 F. Supp. 3d at 181 (quotation omitted). The release here does not do so. It is specifically limited to wage and hour claims and does not release or encompass future claims. As such, the provision here is reasonable. *See, e.g.,*

*Yunda v. SAFI-G, Inc.,* No. 15 Civ. 8861, 2017 WL 1608898, at *3 (S.D.N.Y. Apr. 28, 2017) (collecting cases).

## CONCLUSION

For the foregoing reason, the Court approves the parties' Settlement Agreement. The parties are directed to submit, no later than **November 27, 2023**, a proposed stipulation of dismissal pursuant to Federal Rule of Civil Procedure Rule 41(a)(1)(A)(ii) to be so-ordered by the Court.

Dated: November 20, 2023
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge